UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STRIKE 3 HOLDINGS, LLC,

                         Plaintiff,

    -v-

JOHN DOE, subscriber assigned IP address
100.2.18.186,

                         Defendant.

CIVIL ACTION NO. 25 Civ. 10622 (AT) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Plaintiff Strike 3 Holdings, LLC ("Strike 3") moves ex parte, pursuant to Federal Rule of Civil Procedure 26(d)(1), for leave to serve a third-party subpoena before any Federal Rule of Civil Procedure 26(f) conference takes place.  (Dkt. No. 12 (the "Motion")).  Strike 3 seeks to serve a subpoena (the "Subpoena") on Verizon Fios, an Internet Service Provider ("ISP"), to ascertain the name and address of Defendant John Doe, whose Internet Protocol ("IP") address was associated with alleged infringement of Strike 3's copyrighted works.  (Dkt. No. 13 at 1).  For the reasons set forth below, the Motion is **GRANTED**.

## II. BACKGROUND

Strike 3 is no stranger to this District, the judges of which have previously described Strike 3's operations in factually similar cases.  See, e.g., Strike 3 Holdings, LLC v. Doe, No. 24 Civ. 2511 (LAK) (RWL), 2024 WL 2330850, at *2 (S.D.N.Y. May 21, 2024) (granting request to serve third-party subpoena on ISP before Rule 26(f) conference); Strike 3 Holdings, LLC v. Doe, No. 22 Civ. 1618 (LJL), 2022 WL 785216, at *1–3 (S.D.N.Y. Mar. 15, 2022) (same) ("Strike 3 is a serial

litigant.  Over the last few years, it has brought thousands of cases exactly like this one in courts around the country."); Strike 3 Holdings, LLC v. Doe, 329 F.R.D. 518, 520–22 (S.D.N.Y. 2019) (describing Strike 3's operations and granting request to serve third-party subpoena on ISP before Rule 26(f) conference).[1]

Strike 3, the owner and distributor of adult videos, alleges that John Doe illegally downloaded and distributed Strike 3's content through a BitTorrent protocol — a system for distributing large data files through the internet — which Strike 3 detected through its infringement monitoring system, VXN Scan.  (Dkt. No. 1 ¶¶ 17–25).  So far, Strike 3 has identified John Doe only by an IP address, and therefore seeks to serve the Subpoena on Verizon Fios, John Doe's ISP, to uncover John Doe's identity.  (Dkt. No. 13 at 11–12).

On December 22, 2025, Strike 3 filed its complaint.  (Dkt. No. 1 (the "Complaint")).  On February 2, 2026, the Court granted Strike 3's request for leave to file the Motion.  (Dkt. No. 11). On February 3, 2026, Strike 3 filed the Motion, (Dkt. No. 12), with an accompanying Memorandum of Law, (Dkt. No. 13), and declarations of Patrick Page, (Dkt. No. 13-1), Jorge Arco, (Dkt. No. 13-2), and Susan Stalzer.  (Dkt. No. 13-3).  The Honorable Analisa Torres referred the Motion to the undersigned.  (Dkt. No. 10).

## III. DISCUSSION

### A. Legal Standard

Generally, Federal Rule of Civil Procedure 26(d)(1) forbids a party from seeking discovery "from any source before the parties have conferred as required by Rule 26(f)[,]" unless that party is awarded a court order.  Strike 3 Holdings, 329 F.R.D. at 520; see Fed. R. Civ. P. 26(d)(1).

---

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

A "flexible standard of reasonableness and good cause" controls whether a party may be awarded discovery before a Rule 26(f) conference, even though ex parte requests are reviewed under "particularly careful scrutiny[.]"  Strike 3 Holdings, 329 F.R.D. at 520–21.

We consider five "principal factors" to decide whether expedited discovery is appropriate: "(1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, (2) the specificity of the discovery request, (3) the absence of alternative means to obtain the subpoenaed information, (4) the need for the subpoenaed information to advance the claim, and (5) the objecting party's expectation of privacy."  Arista Recs., LLC v. Doe 3, 604 F.3d 110, 119 (2d Cir. 2010) (the "Arista factors") (citation modified).

### B. Application

All five Arista factors weigh in favor of granting the Motion.  First, Strike 3 pled a prima facie claim of copyright infringement, by showing: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991).  Strike 3 alleges that it owns a valid copyright in its videos, which are registered with the United States Copyright Office.  (Dkt. Nos. 1 at ¶¶ 46, 49; 1-1; 13 at 6).  Strike 3 also alleges that John Doe downloaded and distributed its videos without authorization and has submitted declarations and forensic evidence supporting those allegations.  (Dkt. No. 13 at 5–6; see Dkt. Nos. 13-1; 13-2; 13-3).  See Strike 3 Holdings, 2022 WL 785216, at *1 ("[T]he distribution of copyrighted material through file sharing services qualifies as copyright infringement.") (citing Sony Music Ent. Inc. v. Does 1–40, 326 F. Supp. 2d 556, 565–66 (S.D.N.Y. 2004)).

3

Second, the Subpoena is sufficiently specific, seeking only the name and address of the subscriber associated with John Doe's IP address, which Strike 3 represents it "will only use [] to prosecute the claims made in its Complaint."  (Dkt. No. 13 at 6).  Other judges in this District have deemed similar expedited discovery requests from Strike 3 to be a sufficiently "limited and highly specific set of facts."  Strike 3 Holdings, 2022 WL 785216, at *2; Strike 3 Holdings, 2019 WL 5459693, at *3.  The limited information is needed so that Strike 3 can properly serve John Doe and is "sufficiently specific to accomplish that end."  Strike 3 Holdings, 2022 WL 785216, at *2.

Third, Strike 3 has shown that it cannot obtain the information through other means.  It contends that "BitTorrent software is 'largely anonymous' except insofar as it requires a user to broadcast the user's IP address."  (Dkt. No. 13 at 11 (citing John Wiley & Sons, Inc. v. Doe Nos. 1– 30, 284 F.R.D. 185, 190 (S.D.N.Y. 2012)).  "The only entity that can correlate the IP address to its subscriber" to identify that subscriber is the subscriber's ISP.  (Dkt. No. 13 at 11 (citing BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 881 F.3d 293, 299 (4th Cir. 2018) ("[O]nly the ISP can match the IP address to the subscriber's identity.")).  Accordingly, Strike 3 has adequately shown that it cannot obtain John Doe's identity through alternative means.

Fourth, John Doe's name and address are necessary to advance Strike 3's claims.  Strike 3 argues that it cannot exercise its rights and protect its material "without first ascertaining [John Doe's] identity" and serving the summons and Complaint.  (Dkt. No. 13 at 12).  Unless the ISP identifies the user, the case cannot move forward.  See Sony Music, 326 F. Supp. 2d at 566 ("Ascertaining the identities and residences of the Doe defendants is critical to plaintiffs' ability to pursue litigation, for without this information, plaintiffs will be unable to serve process.").

4

Finally, as to John Doe's expectation of privacy, "subscribers do not have a 'legitimate privacy interest' in their IP address." (Dkt. No. 13 at 12 (citing United States v. Ulbright, 858 F. 3d 71, 84, 97 (2d Cir. 2017)).  Additionally, "ISP subscribers have a minimal expectation of privacy in the sharing of copyrighted material." Strike 3 Holdings, 2022 WL 785216, at *2.  Strike 3's interest in discovering John Doe's name and address for the purpose of service therefore "outweighs [John Doe's] minimal privacy interest." Id.

Accordingly, all five Arista factors weigh in favor of allowing Strike 3 to serve the Subpoena before a Rule 26(f) conference.

In cases like this, involving the distribution of adult content, courts often issue a protective order in connection with a subpoena, "in light of the substantial risk for false positive identifications that could result in annoyance, embarrassment, oppression, or undue burden or expense." Strike 3 Holdings, 329 F.R.D. at 522 (quoting Fed. R. Civ. P. 26(c)(1)).  Strike 3 "respectfully encourages the Court to establish such [procedural safeguards] here, should the Court find it appropriate." (Dkt. No. 13 at 13).  We find that a protective order in connection with the Subpoena strikes the appropriate balance between Strike 3's rights and John Doe's privacy interests. See Strike 3 Holdings, 2022 WL 785216, at *2.  Accordingly, the parties may meet and confer and submit a proposed protective order for the Court's consideration.

### IV. CONCLUSION

Accordingly, the Motion is **GRANTED**, and it is **ORDERED** as follows:

1.      Strike 3 may serve the Subpoena on Verizon Fios to obtain information to identify Defendant John Doe's true name and current address.  Strike 3 shall not request any additional information, including, but not limited to, an email address or telephone number.

The Subpoena shall have a copy of this Order attached, along with the attached "Notice to Defendant."

2.      Verizon Fios shall have 60 days from the date of service of the Subpoena to serve John Doe with a copy of the Subpoena, a copy of this Order, and a copy of the "Notice to Defendant." Verizon Fios shall also inform John Doe that he or she has sixty (60) days from the date of service to file any motions contesting the Subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the Subpoena anonymously. Verizon Fios may serve John Doe using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

3.      John Doe will have 60 days from the date of service of the Subpoena to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the Subpoena anonymously. If John Doe decides to contest the Subpoena, John Doe shall at the same time notify Verizon Fios so that it is on notice not to release any of John Doe's information to Strike 3 until the Court rules on any such motion(s).

4.      If neither John Doe nor Verizon Fios timely contests the Subpoena, Verizon Fios shall have ten (10) days thereafter to produce to Strike 3 information responsive to the Subpoena.

5.      Strike 3 may only use information disclosed in response to the Subpoena to protect its rights as set forth in the Complaint.

The Clerk of Court is respectfully directed to close Dkt. No. 12.

Dated:        New York, New York
              March 5, 2026

                                              SO ORDERED.

                                              _____
                                              SARAH L. CAVE
                                              United States Magistrate Judge

**NOTICE TO DEFENDANT**

1.      You have been named as a Defendant in <u>Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 100.2.18.186</u>, No. 25 Civ. 10622 (AT) (SLC), a case now pending before the Honorable Analisa Torres, United States District Judge for the Southern District of New York.

2.      You may hire a lawyer to represent you in this case or you may proceed <u>pro se</u> (that is, you may represent yourself without the assistance of a lawyer).  If you choose to proceed <u>pro se</u>, all communications with the Court should be through the <u>Pro Se</u> Office of the United States District Court for the Southern District of New York.  The <u>Pro Se</u> Office is located in Room 205 of the United States Courthouse, 500 Pearl Street, New York, NY 10007, and may be reached at (212) 805-0175.

3.      The Plaintiff in this case, Strike 3 Holdings, LLC ("Strike 3"), has filed a lawsuit claiming that you have illegally downloaded and/or distributed Strike 3's videos on your computer.

4.      Strike 3 may not know your actual name or address, but it does know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

5.      Strike 3 has served on your Internet Service Provider ("ISP") a subpoena requesting your identity and contact information.

6.      If you do not want your ISP to provide this information to Strike 3 and you believe there is a legal basis for the ISP to withhold the information, you may file a motion to "quash" or "modify" the Subpoena.  This must be done within 60 days of the date that you receive notice

from your ISP that you are a Defendant in this case.  If you choose to proceed pro se, your motion to quash or modify the Subpoena should be mailed to the Pro Se Office, as described in paragraph 2.

7.      If you move to quash the Subpoena or otherwise move to prevent your name from being turned over to Strike 3, you may proceed anonymously at this time.  Nevertheless, if you are representing yourself, you will need to complete an information card that you can obtain from the Pro Se Office of the Court.  This information is solely for use by the Court and the Court will not provide this information to lawyers for Strike 3 unless and until it determines there is no basis to withhold it.  The Court must have this information to communicate with you regarding the case.

8.      Even if you do not file a motion to quash or modify the Subpoena, you may still proceed in this case anonymously at this time.  This means that the Court and Strike 3 will know your identity and contact information, but your identity will not be made public unless and until the Court determines there is no basis to withhold it.

9.      If you want to proceed anonymously without filing a motion to quash or modify the Subpoena, you (or, if represented, your lawyer) should provide a letter stating that you would like to proceed anonymously in your case.  If you choose to proceed pro se, your letter should be mailed to the Pro Se Office, as described in paragraph 2.  This must be done within 60 days of the date that you receive notice from your ISP that you are a Defendant in this case.  You should identify yourself in your letter by the case in which you are a defendant and your IP address.  If you submit this letter, then your identity and contact information will not be revealed to the public unless and until the Court says otherwise.